IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| BEVERLY J. FALKNER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| VS. | ) | No. 2:13-cv-2317-JDT-cgc |
| | ) | |
| UNITED STATES GOVERNMENT, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On May 20, 2013, Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* complaint captioned "Tampering with Court Documents", accompanied by a motion seeking leave to proceed *in forma pauperis*. (Docket Entries ("D.E.") 1 & 2.)  In an order issued on May 13, 2013, the Court granted leave to proceed *in forma pauperis*.

The complaint in its entirety alleges that

> "1. May 18, 2013 Plaintiff received an envelope in the mail containing Order and Recommendation for Case Number 12-2295-JDT.  Copy of envelope and cover page of document attached.  Also, in same envelope were Order and Recommendation for seven other complaints, totaling sixteen documents [ … ] Order and Recommendation clearly indicate a continued attempt to dictate the actions of the U.S. District Court, Western District of Tennessee, as well as insult the intelligence of a ProSe Litigant, creating felonies.
>
> Plaintiff prays for payment for compensatory damages for the maximum amount allowed."

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action—
    (i)        is frivolous or malicious;

1

>   (ii)     fails to state a claim on which relief may be granted; or
>
>   (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"A complaint can be frivolous either factually or legally. Any complaint that is legally frivolous would *ipso facto* fail to state a claim upon which relief can be granted." Hill, 630 F.3d at 470 (citing Neitzke v. Williams, 490 U.S. 319, 325, 328-29 (1989)).

> Whether a complaint is factually frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i) is a separate issue from whether it fails to state a claim for relief. Statutes allowing a complaint to be dismissed as frivolous give "judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke</u>, 490 U.S. at 327, 109 S. Ct. 1827 (interpreting 28 U.S.C. § 1915). Unlike a dismissal for failure to state a claim, where a judge must accept all factual allegations as true, <u>Iqbal</u>, 129 S. Ct. at 1949-50, a judge does not have to accept "fantastic or delusional" factual allegations as true in prisoner complaints that are reviewed for frivolousness. <u>Neitzke</u>, 490 U.S. at 327-28, 109 S. Ct. 1827.

<u>Id.</u> at 471.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." <u>Williams</u>, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. <u>Wells v. Brown</u>, 891 F.2d 591, 594 (6th Cir. 1989); *see also* <u>Brown v. Matauszak</u>, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); <u>Payne v. Secretary of Treas.</u>, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); <u>Young Bok Song v. Gipson</u>, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

Plaintiff's complaint does not comply with Fed. R. Civ. P. 8(a)(1), which requires that "[a] pleading that states a claim for relief" contain "a short and plain statement of the grounds for the court's jurisdiction." The instant complaint does not reference any statutory authority for her claim nor does it include any jurisdictional allegations. The action referenced in the complaint, 13-2295, was dismissed on June 3, 2013 (13-cv-2295, D.E. 7) for failure to state a claim on which relief may be granted.

There is no civil cause of action for "tampering with court documents." To the extent that Plaintiff disagreed with the Report and Recommendation filed in 13-2295, she had fourteen (14) days from the date that the Report and Recommendation was filed (May 16, 2013, D.E. # 6) in which to file her objections pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b)(2). No objections were filed in that case, the District Court adopted the Report and Recommendations (D.E. # 7) and Judgment has been entered (D.E. # 8).

Therefore, it is RECOMMENDED that the Court DISMISS the complaint for failure to state a claim on which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii).


The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. <u>Id.</u> It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service

4

on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. *See* Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

Signed this 13th day of June, 2013.

                                                                         s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**